THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No: 17-14399 (AIH) |
| | ) | |
| Sean D. Hunt, | ) | Chapter 7 |
| | ) | |
| Debtor | ) | JUDGE ARTHUR I. HARRIS |

**Motion of the United States Trustee to Dismiss for Abuse Pursuant to
11 U.S.C. §§ 707(b)(1), (b)(2) & (b)(3)**

The United States trustee for Region 9, Daniel M. McDermott, moves this Court for an order dismissing this case pursuant to 11 U.S.C. §§ 707(b)(1), (b)(2) and (b)(3). The presumption of abuse arises in Debtor's case. Debtor has the ability to repay creditors and he should make an attempt to do so. In support, the United States trustee states:

### *Standing*

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b); 28 U.S.C. §§ 157(a) and (b)(1); and 28 U.S.C. § 151. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B). The United States trustee has standing to file this motion pursuant to 11 U.S.C. § 307, 11 U. S. C. § 707(b) and 28 U.S.C. § 586(a)(5).

### *Summary*

The presumption of abuse arises in Debtor's case and there are no known special circumstances such as a serious medical condition or call to active duty. Debtor's household income exceeds the median income for his household size and geographical location and he has the ability to repay creditors. Debtor fails to account for the monthly impact of federal income tax refunds, some of the monthly living expenses are overstated, there is a student loan payment listed that has not been paid since May 2014 – and Debtor took a vacation to Costa Rica in June 2017 – all of which demonstrate an ability to repay creditors.

1

*Background*

1. On July 26, 2017, Sean D. Hunt (Debtor) filed a voluntary chapter 7 petition for relief. Debtor's bankruptcy petition identifies his debts as primarily consumer debts.

2. Debtor works in warehouse distribution for McMaster Carr where he has been employed for 11 years and earns $4,925 a month. Debtor is married but his spouse has not joined in this Chapter 7 bankruptcy petition. Debtor's non-filing spouse is an advocate at the Cleveland Rape Crisis Center where she has been employed for 2 years and earns $3,958 a month.

3. Debtor lists three dependent children ages 12, 12 and 5.

4. Debtor and his wife filed separate federal income tax returns for 2016 receiving refunds of $6,722 and $7,309, respectively, which total $13,581.

**Debtor's Means Test**

5. Debtor's Form 22A-1 Statement of Your Current Monthly Income ("CMI") shows current monthly income of $8,883 and annualized gross income of $106,604. Debtor lists a household size of five. In Ohio, the median income for a household size of five is $91,440. Because Debtor's computation of annualized income is more than the Ohio median family income for a household size of five, he completed Form 22A-2 Means Test Calculation ("Means Test"). Debtor's Means Test shows monthly disposable income of -$495. Debtor's CMI and Means Test contains errors.

6. Line 2, Column A of the CMI should be increased from $4,925 to $5,092 to add back into income the amount deducted for the HSA contribution.

7. Line 10 of the CMI should be increased from zero to $391 to reflect the monthly average child support paid to Debtor's non-fling wife by the father of her twin daughters. The

2

17-14399-aih    Doc 12    FILED 10/05/17    ENTERED 10/05/17 15:25:28    Page 2 of 10

United States trustee discovered the child support only after reviewing bank statements and questioning Debtor as to the source of the additional deposits.

8. Line 3 of the Means Test should be increased from zero to $255 to account for the non-filing wife's separate deductions.

9. Line 16 of the Means Test should be reduced from $2,492 to $1,360 because Debtor and his wife withhold at the single rate with zero exemptions and then file tax returns that reflect "married" status with a combined total of five exemptions.

10. Line 23 of the Means Test should be reduced from $100 to $50 to reflect a reasonable optional telephone expense given the fact that nearly all telecommunication expenses are now incorporated into the housing and utilities standard.

11. Line 25 of the Means Test should be increased from zero to $167 to account for the HSA contribution that was added back into income in paragraph 6 of this motion.

12. Line 31 of the Means Test should be reduced from $710 to $361 based upon the documentation of charitable contributions made through August 31, 2017.

13. The United States trustee completed a CMI and Means Test consistent with the changes in paragraphs 5 through 12. The Means Test shows monthly disposable income of $1,059, causing the presumption of abuse to arise in Debtor's case. (See UST's Exhibits #1 and #2).

**Debtor's Schedules and Statement of Financial Affairs**

14. Debtor's *Schedule I-Your Income* lists combined gross monthly income of $8,883 and net monthly income of $6,131. *Schedule I* deductions from income include $2,491 in taxes withheld.

15. Debtor's *Schedule J-Your Expenses* lists net monthly income of $6,131 and monthly expenses of $7,115 leaving disposable income of -$983. *Schedule J* includes $700 for charitable contributions and $600 for his wife's student loans.

. 17. Debtor's Schedule *E/F-Creditors Who Have Unsecured Claims* lists $28,798 of non-priority claims. *Schedule D-Creditors Who Have Claims Secured by Property* lists claims of $143,347.

18. Debtor's *Statement of Intention* indicates that he is retaining and continuing to make payments on the debts secured by the personal residence and two vehicles.

### *Legal Authority*

### Dismissal under 11 U.S.C. § 707(b)(2)

19. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 "BAPCPA") provides for the dismissal of a chapter 7 proceeding where there is a presumption of abuse. Specifically 11 U. S. C. § 707(b) provides:

> (1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee..., may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title if it finds that the granting of relief would be an abuse of the provisions of this chapter...
>
> (2)(A)(I) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of
>
> > (I)  25 percent of the debtor's nonpriority unsecured claims in the case, or $7,700, whichever is greater; or
> >
> > (II) $12,850.

If the presumption of abuse arises, it can only be rebutted by special circumstances, such as a serious medical condition or a call or order to active duty in the armed forces. 11 U.S.C. § 707(b)(2)(B)(I). *Eisen v. Thompson*, 370 B.R. 362 (N.D. Ohio 2007).

4

**Dismissal under 11 U.S.C. § 707(b)(3)(B)**

20. Section 707(b)(3) of the Bankruptcy Code provides authority for the dismissal of a case if the granting of a discharge would be an abuse. A motion may be filed under this subsection if the presumption of abuse does not arise or if the presumption is rebutted. Section 707(b)(3)(B) of the Bankruptcy Code is part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. This act ensures that debtors who can pay their creditors do pay their creditors. *Ransom v. FIA Card Services, NA*, 131 S. Ct. 716 (2011). Under this statute, a chapter 7 bankruptcy filing should be a debtor's last resort. *In re Speith*, 427 B.R. 621, 626 (Bankr. N.D. Ohio 2009).

21. In considering a motion to dismiss filed under section 707(b)(3)(B) of the Bankruptcy Code, the Court should consider the totality of a debtor's circumstances. *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 434 (6th Cir. 2004). The ability to repay creditors from disposable income is the primary factor to be considered in any determination of abuse. *See, e.g. In re Jordan*, 428 B.R. 430, 433 (Bankr. N.D. Ohio 2010); *In re Brenneman,* 397 B.R. 866, 870-71 (N.D. Ohio 2008); *In re Matias,* 203 B.R. 490, 492 (Bankr. S.D. Fla. 1996). When debtors have disposable income that would cause the presumption to arise under section 707(b)(2), the Court may use this amount as a guideline when determining whether to dismiss a case under 11 U.S.C. § (707)(b)(3). *In re Mestemaker*, 359 B.R. 849, 858 (Bankr. N.D. Ohio 2007) (noting that the amount triggering abuse under 11 U.S.C. § 707(b)(2) may be useful as a guideline when analyzing a motion to dismiss under 11 U.S.C. § 707(b)(3)).

22. Another factor is whether expenses can be reduced without depriving debtors of any necessities. *In re Srikantia*, 417 B.R. 505, 509 (Bankr. N.D. Ohio 2009). Additionally, the Court may dismiss a case based upon the totality of circumstances even when there is no apparent ability to repay creditors. *In re Kunkelman*, 417 B.R. 489, 494 (Bankr. N.D. Ohio

2009) (a debtor with no amount or a marginal level of disposable income may still have their case dismissed for abuse under section 707(b)(3)(B) if the totality of the debtor's financial situation so warrants). Section 707(b)(3)(A) of the Bankruptcy Code provides for dismissal of a petition that was filed in bad faith.

### *Application of § 707(b) to Debtors' Case*

**Means Test Review 707(b)(2)**

23. Dismissal of Debtor's case is warranted under section 707(b)(2) of the Bankruptcy Code. The presumption of abuse arises and Debtor has not demonstrated special circumstances that would rebut the presumption of abuse and his case should be dismissed pursuant to section 707(b)(2).

**Totality of Circumstances Review - 707(b)(3)(B)**

### Non-Filing Spouse's Income

24. Debtor's non-filing spouse's income is relevant to the determination of his ability to repay creditors. *In re Kukalowski*, 2011 WL 3878386 (Bankr. M.D. Fla. September 2, 2011); *In re Coup*, 2008 WL 2388114 at *4 (Bankr. N.D. Ohio June 6, 2008); *In re Wilkinson*, 168 B.R. 626 , 628-29 (Bankr. N.D. Ohio 1994). Debtor's wife is not liable for his debts but her income should be considered because they reside in one household with combined income and expenses. *In re Coup* at *4. Debtor and his non-filing spouse constitute an economic unit and the review of her case should be made with that in mind.

### Disposable Income

25. A debtor's ability to repay creditors may be the sole determinant of the issue of substantial abuse absent any mitigating factors. *In re Krohn,* 886 F.2d 123, 126 (6th Cir. 1989) (debtor's ability to pay, alone, may be sufficient to warrant dismissal). Moreover, the ability to repay creditors from disposable income is the primary factor to be considered in any

determination of abuse. *See, e.g. In re Jordan*, 428 BR 430, 433 (Bankr. N.D. Ohio 2010); *In re Brenneman,* 397 B.R. 866, 870-71 (N.D. Ohio 2008); *In re Matias,* 203 B.R. 490, 492 (Bankr. S.D. Fla. 1996). Debtor's household income is almost $20,000 above the median for a household size of five and he should be able to pay creditors a percentage of their claims. Debtor and his wife have substantial income tax refunds and some of the monthly expenses appear to be overstated.

**Federal Income Tax Refunds**

26. Debtor's and his wife received $13,581 in federal income tax refunds between their separately filed returns. The refunds are primarily generated from their over withholding of taxes that could be used to pay creditors. Bankruptcy courts in the Northern District of Ohio have consistently held that monthly disposable income should be increased by tax refunds. *In re Jordan,* 428 B.R. 430, 436-37 (Bankr. N.D. Ohio 2010); *In re Durczynski,* 405 B.R. 880, 885 (Bankr. N.D. Ohio 2009); In re Edighoffer, 375 B.R. 789, 797-98 (Bankr. N.D. Ohio 2007). Debtor could adjust his withholding and have more than sufficient funds from which to pay creditors.

**Charitable Contributions**

27. Debtor lists a $700 monthly charitable contribution expense. Debtor provided documentation that substantiates a $361 monthly charitable contribution. Debtors cannot claim or increase charitable contributions for the purpose of reducing monthly disposable income, and should substantiate that such contributions were actually being made prior to filing bankruptcy. *In re Dile*, Case No. 05-30708, (Bankr. N.D. Ohio August 5, 2005) (court reduced charitable contribution allowance to amount shown on tax return); *In re Smith* 269 B.R.686, 691 (Bankr. W.D. Mo. 2001) (court reduced charitable contribution to amount supported by the evidence).

## Wife's Student Loan

28. Debtor and his wife live in the household as one economic unit. As such, Debtor should not be permitted to prefer his wife's unsecured creditors over the unsecured creditors listed in his own bankruptcy petition. *See, In re Falke*, 284 B.R. 133 (Bankr. D. Oregon 2002); *In re Carpenter*, 318 B.R. 645 (Bankr. E.D. Va. 2003) (court did not confirm chapter 13 plan where debtor proposed to make full payment on credit card debt of non-debtor spouse outside the plan while paying a small percentage of his own unsecured debt through the plan).

29. Debtor should not be permitted to allocate $600 a month to pay his wife's student loan while his unsecured debts are discharged. It is manifestly unfair to permit one member of a joint household to file bankruptcy and discharge his or her unsecured debts, while the other joint household member continues to pay his or her unsecured debts. Such a result would be inequitable to the creditors of the joint household member who files bankruptcy and also create a situation where the non-filing household member could file a subsequent chapter 7 bankruptcy petition and avoid court scrutiny. It also appears that no student loan payment has been since May 2014 and the addition of the expense is intended to reduce monthly disposable income.

## Debtor's Case Should Be Dismissed

30. This is the type of case that BAPCPA was intended to address. Debtor's current household income significantly exceeds the median income for the household size and he can afford to make a meaningful repayment to creditors. One purpose of the BAPCPA is to ensure that debtors who can pay their creditors do pay their creditors. *Ransom v. FIA Card Services, NA*, 131 S. Ct. 716 (2011). Bankruptcy is not conditioned upon living in poverty but does envision a sacrifice on the part of a debtor. *In re Felske*, 358 B.R. 649, 656 (Bankr. N.D. Ohio 2008). Debtor apparently found the resources to take a vacation to Costa Rica in June 2017, which was

the month prior to the filing of the bankruptcy petition but is unwilling to make any attempt to repay creditors.

31. Debtor is gainfully employed, he is eligible for chapter 13 relief, there is stable income and payments can be made to unsecured creditors without depriving the household of necessities. Debtor should make an effort to repay creditors and a chapter 7 bankruptcy filing should be his last resort. *In re Speith*, 427 B.R. 621, 626 (Bankr. N.D. Ohio 2009).

**WHEREFORE,** the United States trustee respectfully requests this Court to enter an order dismissing Debtor's case pursuant to 11 U.S.C. § 707(b)(2) and/or 11 U.S.C. § 707(b)(3) and for such further relief as may be appropriate.

Respectfully Submitted,

Daniel M. McDermott
United States Trustee, Region 9

by: */s/Derrick V. Rippy*
Derrick V. Rippy (0044069)
U.S. Department of Justice
Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 E. Superior Ave., Ste. 441
Cleveland, Ohio 44114-1240
(216) 522-7800, ext. 232
(216) 522-7193 Facsimile
Derrick.V.Rippy@usdoj.gov

9

**Certificate of Service**

   I, Derrick V. Rippy, certify that on October 5, 2017, a true and correct copy of the **Motion of the United States Trustee to Dismiss for Abuse Pursuant to 11 U.S.C. §§ 707(b)(1), (b)(2) & (b)(3)** was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Cosmin Cocirteu, on behalf of Sean D. Hunt, Debtor at CHSlawfirm@yahoo.com

And by regular U.S. Mail, postage prepaid, on:

Sean D Hunt
4884 Hartley Dr
Lyndhurst, OH 44124

               */s/Derrick V. Rippy*
               Derrick V. Rippy
               Trial Attorney
               U.S. Department of Justice
               Office of the U.S. Trustee
               H. M. Metzenbaum U.S. Courthouse
               201 Superior Avenue, Suite 441
               Cleveland, Ohio 44114-1240
               216/522-7800 Ext. 232
               216/ 522-7193 Facsimile
               Derrick.V.Rippy@usdoj.gov